IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| KENNETH R. KRATZ, | : | CASE NO. 1:25-cv-00549-JPC |
| Plaintiff, | : | (Judge J. Philip Calabrese) |
| v. | : | |
| TRANSITION STUDIOS, LLC, <u>et al.</u>, | : | **MOTION OF DEFENDANTS TO DISMISS COMPLAINT; OR, IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION** |
| Defendants. | : | |
| | : | |

_____

Pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6), and 9 U.S.C. §§ 1-4, Defendants Transition Studios, LLC, Christopher S. Rech, Ralph McGreevy, John Fecek, Andrew M. Hale, Convicting A Murderer Docu-Series, LLC, and The Daily Wire, LLC (collectively, "Defendants") move to dismiss Plaintiff Kenneth R. Kratz's March 20, 2025 Complaint with Jury Demand ("Complaint") for failure to state a claim upon which relief may be granted, lack of personal jurisdiction, and lack of subject-matter jurisdiction.  In the alternative, this Court should compel arbitration and stay this matter pending arbitration.

For these reasons, and those shown in the Memorandum in Support of this Motion, which is incorporated by reference here, Plaintiff's Complaint should be dismissed.  In the alternative, the Court should compel arbitration and stay these proceedings.

Respectfully submitted,

/s/ Griffin R. Reyelts
John C. Greiner (0005551)
Griffin R. Reyelts (0102240)
FARUKI PLL
201 East Fifth Street, Suite 1420
Cincinnati, OH  45202
Phone:  (513) 632-0315
Fax:  (513) 632-0319
Email:  jgreiner@ficlaw.com
        greyelts@ficlaw.com

Counsel for Defendants Transition Studios,
LLC, Christopher S. Rech, Ralph McGreevy,
John Fecek, Andrew M. Hale, Convicting A
Murderer Docu-Series, LLC, and The Daily
Wire, LLC

## <u>TABLE OF CONTENTS</u>

I.      PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED ................................................ 1

     A.     Plaintiff Fails to State a Claim Upon Which Relief May Be Granted ................... 1

          1.     Plaintiff Does Not Allege He Has a Contract with Transition Studios, Rech, McGreevy, Fecek, Hale, or The Daily Wire ...................... 2

          2.     Plaintiff's Unjust Enrichment Claim Should Be Dismissed ....................... 3

          3.     Plaintiff Fails to Adequately Allege Defendants Converted Plaintiff's Intellectual Property ................................................... 6

          4.     Plaintiff's Accounting Claim Must be Dismissed ...................................... 7

     B.     Ohio's Statute of Limitations Prohibits Plaintiff's Claims ...................................... 8

          1.     Plaintiff's Conversion Claim is Time-Barred under Ohio Law ................. 8

          2.     Plaintiff's Fraud Claim is Time-Barred under Ohio Law .......................... 9

          3.     Plaintiff's Civil Conspiracy Claim is Time-Barred under Ohio Law ........ 10

     C.     This Court Lacks Personal Jurisdiction Over Hale and The Daily Wire ............. 10

     D.     The Complaint Fails to Adequately Allege Diversity Jurisdiction ...................... 13

II.     IN THE ALTERNATIVE, THIS COURT SHOULD COMPEL ARBITRATION AND STAY PROCEEDINGS .......................................................................................... 14

     A.     Ohio law and the Federal Arbitration Act Favor Enforcement of Agreements to Arbitrate ......................................................................................... 14

     B.     All Claims Against All Defendants are Subject to Arbitration ............................ 16

III.    CONCLUSION ........................................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<u>CASES</u>

<u>ABM Farms, Inc. v. Woods</u>, 81 Ohio St. 3d 498, 692 N.E.2d 574 (1998)....................................14

<u>Academy of Medicine of Cincinnati v. Aetna Health, Inc.</u>, 2006-Ohio-657, 842
    N.E.2d 488 .........................................................................................................................14

<u>Akno 1010 Mkt. St. St. Louis Missouri LLC v. Nahid Pourtaghi</u>, 43 F.4th 624
    (6th Cir. 2022)....................................................................................................................13

<u>Am. Roll Form Corp. v. Chamberlain Group, Inc.</u>, No. 1:14 CV 2321, 2015 U.S.
    Dist. LEXIS 26560 (N.D. Ohio Feb. 27, 2015) ..............................................................1, 2

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937 (2009)...............................................................1

<u>Barrett-O'Neill v. LALO, LLC</u>, 171 F. Supp. 3d 725 (S.D. Ohio 2016).......................................2

<u>Bell Atl. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955 (2007) ........................................................1

<u>BNSF Ry. Co. v. Tyrrell</u>, 581 U.S. 402, 137 S. Ct. 1549 (2017) .................................................12

<u>Brown v. Lust</u>, 487 F.Supp. 2d 910 (N.D. Ohio 2007)................................................................13

<u>Booher Carpet Sales v. Erickson</u>, No. 98-CA-0007, 1998 Ohio App. LEXIS 4643
    (Ct. App. Oct. 2, 1998) .......................................................................................................5

<u>Bower v. IBM</u>, 495 F. Supp. 2d 837 (S.D. Ohio 2004) .................................................................3

<u>Calphalon Corp. v. Rowlette</u>, 228 F.3d 718 (6th Cir. 2000).......................................................10

<u>Cerdant, Inc. v. DHL Express (USA), Inc.</u>, No. 2:08-cv-186, 2009 U.S. Dist.
    LEXIS 27070 (S.D. Ohio Mar. 30, 2009)...........................................................................5

<u>Cook v. Home Depot USA, Inc.</u>, No. 06-cv-00571, 2007 U.S. Dist. LEXIS 15679
    (S.D. Ohio Mar. 6, 2007) ....................................................................................................5

<u>Cotton v. Burrell</u>, No. 1:25 CV 376, 2025 U.S. Dist. LEXIS 49879 (N.D. Ohio
    Mar. 19, 2025)...............................................................................................................13, 14

<u>Cully v. St. Augustine Manor</u>, No. 67601, 1995 Ohio App. LEXIS 1643 (Ct. App.
    Apr. 20, 1995) ....................................................................................................................10

<u>Daimler AG v. Bauman</u>, 571 U.S. 117, 134 S. Ct. 746 (2014)...............................................11, 12

<u>Davis v. Clark Cty. Bd. of Comm'rs</u>, 2013-Ohio-2758, 994 N.E.2d 905 (Ct. App.)....................10

Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 105 S. Ct. 1238 (1985) ............................14, 15

Discovery Res., Inc. v. Ernst & Young U.S. LLP, 2016-Ohio-1283, 62 N.E.3d
714 (Ct. App.) ...................................................................................................................15, 16

First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S. Ct. 1920 (1995) ........................16

Francisco A. Mateo MD, Inc. v. Proia, 2023-Ohio-3908, 227 N.E.3d 389 (Ct.
App.) .......................................................................................................................................8

Ford Motor Co. v. Mont. Eighth Judicial Dist. Court, 592 U.S. 351, 141 S. Ct.
1017 (2021) ........................................................................................................................11, 12

Gallo v. Westfield Nat'l Ins. Co., 2009-Ohio-1094 (Ct. App.) ......................................................5

GE Energy Power Conversion Fr. SAS, Corp. v. Outokumpu Stainless USA,
LLC, 590 U.S. 432, 140 S. Ct. 1637 (2020) ........................................................................16

Ingle-Barr, Inc. v. E. Local School Dist. Bd., 2011-Ohio-584 (Ct. App.) ....................................2

Internatl. Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154 (1945) ......................................11

I Sports v. IMG Worldwide, Inc., 2004-Ohio-3631, 813 N.E.2d 4 (Ct. App.) .......................16, 17

Javitch v. First Union Secs., Inc., 315 F.3d 619 (6th Cir. 2003) ..................................................16

Johnson v. Griffin, 85 F.4th 429 (6th Cir. 2023) ..........................................................................11

Johnson v. Microsoft Corp., 2005-Ohio-4985, 834 N.E.2d 791 ....................................................4

Jones v. RealPage, Inc., No. 1:19-cv-00501, 2019 U.S. Dist. LEXIS 149640 (N.D.
Ohio Sept. 3, 2019) ..............................................................................................................12

Karlen v. Carfangia, No. 2000-T-0081, 2001 Ohio App. LEXIS 2481 (Ct. App.
June 1, 2001) ..........................................................................................................................9

Kotoch v. Grossinger City Toyota, No. 20-cv-2538, 2022 U.S. Dist. LEXIS
151461 (N.D. Ohio Aug. 23, 2022) .....................................................................................12

Liberty Mut. Ins. Co. v. Three-C Body Shop, Inc., 2020-Ohio-2694 (Ct. App.) ...........................4

Liedtke v. Frank, Javitch, Block & Rathbone, 437 F.Supp. 2d 696 (N.D. Ohio
2006) ................................................................................................................................16, 17

L & M Hosp. LLC v. Lavani, 2021-Ohio-3727 (Ct. App.) ...........................................................14

Lone Star Equities, Inc. v. Dimitrouleas, 2015-Ohio-2294, 34 N.E.3d 936 (Ct.
App.) .......................................................................................................................................3

Luburgh v. Bishop, 2014-Ohio-236 (Ct. App.) ................................................................9

Lyngaas v. Curaden AG, 992 F.3d 412 (6th Cir. 2021)................................................11

Mark Termini Assocs. v. Klutch Sports Grp., LLC, No. 1:24 CV 1068, 2024 U.S.
    Dist. LEXIS 200616 (N.D. Ohio Nov. 5, 2024) ........................................................7, 8

Moore Family Trust v. Jeffers, 2023-Ohio-3653, 225 N.E.3d 548 (Ct. App.) ...............8

Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S. Ct.
    927 (1983).....................................................................................................................15

Motors, LLC v. Kaba, 2025-Ohio-640 (Ct. App.) ............................................................4

New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP, 336 F.3d 495
    (6th Cir. 2003)................................................................................................................8

Norberg v. Iprecheck, LLC, No. 1:22-cv-00177, 2023 U.S. Dist. LEXIS 16341
    (S.D. Ohio Jan. 30, 2023) ........................................................................................16, 17

Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A., 492 F. App'x 518 (6th Cir.
    2012) ..............................................................................................................................2

Orcutt v. Kettering Radiologists, Inc., 199 F.Supp. 2d 746 (S.D. Ohio 2002)..............17

Poston ex rel. Poston v. Shelby-Love, 2017-Ohio-6980, 95 N.E.3d 659 (Ct. App.).......6

Power Invs., LLC v. SL EC, LLC, 927 F.3d 914 (6th Cir. 2019) ..................................11

Reyes v. McCabe, No. 96APE05-690, 1997 Ohio App. LEXIS 1240 (Ct. App.
    Mar. 31, 1997)................................................................................................................6

Rovnak v. Moss, No. 2020 CV 1015, 2020 Ohio Misc. LEXIS 5100 (Ct. Com. Pl.
    Dec. 9, 2020)...................................................................................................................6

Scherk v. Alberto-Culver Co., 417 U.S. 506, 94 S. Ct. 2449 (1974)............................15

Short v. Resource Title Agency, Inc., 2011-Ohio-1577 (Ct. App.)................................14

Smith v. J.J.B. Hilliard, W.L. Lyons, LLC, 578 F.App'x 556 (6th Cir. 2014) ...............8

Snabel v. Great States Corp., No. 1:19 CV 2052, 2020 U.S. Dist. LEXIS 62439
    (N.D. Ohio Apr. 9, 2020)...........................................................................................11, 12

Southland Corp. v. Keating, 465 U.S. 1, 104 S. Ct. 852 (1984)....................................15

Taubman v. LadRx Corp., No. 1:23-cv-00648, 2024 U.S. Dist. LEXIS 30830
    (N.D. Ohio Feb. 22, 2024) ............................................................................................11

Thibault v. Heartland Rec. Vehicles, LLC, No. 2:18-cv-732, 2019 U.S. Dist. LEXIS 45123 (S.D. Ohio Mar. 19, 2019)...........................................................17

Walden v. Fiore, 571 U.S. 277, 134 S. Ct. 1115 (2014)..........................................11

Weiper v. W.A. Hill & Assocs., 104 Ohio App. 3d 250, 661 N.E.2d 796 (Ct. App. 1995)...............................................................................................................5

Wick v. Ach, 2019-Ohio-2405, 139 N.E.3d 480 (Ct. App.)........................................4

Wilson Freight Forwarding Co. v. Cleveland, Columbus & Cincinnati Hwy., Inc., 74 Ohio App. 54, 57 N.E.2d 796 (Ct. App. 1943)..............................................6

Zab v. Goforth, No. 73050, 1998 Ohio App. LEXIS 4225 (Ct. App. Sept. 10, 1998).......................................................................................................2

## STATUTES

9 U.S.C. § 1..........................................................................................................1

9 U.S.C. § 2....................................................................................................1, 14

9 U.S.C. § 3..........................................................................................................1

9 U.S.C. § 4..........................................................................................................1

9 U.S.C. § 16.......................................................................................................15

28 U.S.C. § 1332..................................................................................................13

Ohio Rev. Code § 2305.09...................................................................................8, 9

Ohio Rev. Code § 2307.382...............................................................................10, 12

## OTHER AUTHORITIES

Fed. R. Civ. P. 8....................................................................................................1

Fed. R. Civ. P. 12..............................................................................................1, 10

I.        **<u>STATEMENT OF THE ISSUES</u>**

<u>Issue One</u>:  Has Plaintiff plead a breach of contract claim upon which relief may be granted?

<u>Issue Two</u>:  Has Plaintiff plead an unjust enrichment claim upon which relief may be granted?

<u>Issue Three</u>:  Has Plaintiff plead a conversion claim upon which relief may be granted?

<u>Issue Four</u>:  Does Ohio recognize a standalone claim for accounting?

<u>Issue Five</u>:  Are Plaintiff's conversion, fraud, and civil conspiracy claims barred by applicable statutes of limitations?

<u>Issue Six</u>:  Can this Court maintain personal jurisdiction over Andrew M. Hale and The Daily Wire, LLC?

<u>Issue Seven</u>:  Can this Court maintain subject matter jurisdiction over Plaintiff's claims based on diversity?

<u>Issue Eight</u>:  In the alternative, should this Court compel arbitration and stay proceedings?

II.        **<u>SUMMARY OF THE ARGUMENTS</u>**

<u>Issue One</u>:  Plaintiff's breach of claim should be dismissed against Defendants Transition Studios, LLC, Christopher S. Rech, Ralph McGreevy, John Fecek, Andrew M. Hale, and The Daily Wire, LLC because he fails to state claim upon which relief may be granted.

<u>Issue Two</u>:  Plaintiff's unjust enrichment claim should be dismissed for failure to state a claim upon which relief may be granted.

<u>Issue Three</u>:  Plaintiff's conversion claim should be dismissed because Plaintiff does not have ownership over the property and Plaintiff alleges only that Transition Studios, LLC's employee converted the property.

<u>Issue Four</u>:  Ohio does not recognize a standalone claim for accounting; therefore, the Court should dismiss Plaintiff's claim for accounting for failure to state a claim upon which relief may be granted.

<u>Issue Five</u>:  Plaintiff's conversion, fraud, and civil conspiracy claims are barred by applicable statutes of limitations.

<u>Issue Six</u>:  This Court cannot maintain personal jurisdiction over Andrew M. Hale and The Daily Wire, LLC.

<u>Issue Seven</u>:  This Court cannot maintain subject matter jurisdiction over Plaintiff's claims as he has failed to establish diversity jurisdiction.

<u>Issue Eight</u>:  In the alternative, this Court should compel arbitration pursuant to the parties' agreement.

### MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANTS TO DISMISS COMPLAINT; OR, IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION

Pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6), and 9 U.S.C. §§ 1-4, Defendants

Transition Studios, LLC ("Transition Studios"), Christopher S. Rech ("Rech"), Ralph McGreevy

("McGreevy"), John Fecek ("Fecek"), Andrew M. Hale ("Hale"), Convicting A Murderer Docu-

Series, LLC ("CAM"), and The Daily Wire, LLC ("The Daily Wire") (collectively,

"Defendants") move to dismiss Plaintiff Kenneth R. Kratz's ("Plaintiff") March 20, 2025

Complaint with Jury Demand ("Complaint") for failure to state a claim upon which relief may be

granted, lack of personal jurisdiction, and lack of subject-matter jurisdiction.

I.       PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED

    A.     Plaintiff Fails to State a Claim Upon Which Relief May Be Granted

Under Fed. R. Civ. P. 8(a)(2), a plaintiff is required to give "a short and plain

statement of the claim showing that the pleader is entitled to relief."  To meet this standard, "a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (citation

omitted).  Facial plausibility requires a plaintiff to do more than simply state legal conclusions or

recite the elements of a cause of action in boilerplate fashion.  Bell Atl. v. Twombly, 550 U.S.

544, 555, 127 S. Ct. 1955 (2007).  A complaint must set forth factual allegations that are enough

to "raise a right to relief above the speculative level."  Id.  The Court need not credit bare legal

conclusions unsupported by factual underpinnings.  See Ashcroft, at 679 ("While legal

conclusions can provide the framework of a complaint, they must be supported by factual

allegations."); Am. Roll Form Corp. v. Chamberlain Group, Inc., No. 1:14 CV 2321, 2015 U.S.

Dist. LEXIS 26560, at *6 (N.D. Ohio Feb. 27, 2015) ("The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations.").

   1.  Plaintiff Does Not Allege He Has a Contract with Transition Studios, Rech, McGreevy, Fecek, Hale, or The Daily Wire

To establish breach of contract, a plaintiff must allege the existence of a contract, performance by the plaintiff, breach by the defendant, and damages.  Barrett-O'Neill v. LALO, LLC, 171 F. Supp. 3d 725, 744 (S.D. Ohio 2016).  To survive dismissal, the allegations must also include (1) the specific terms of the contract at issue; and (2) sufficient factual allegations of the defendant's purported breach.  Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A., 492 F. App'x 518, 522 (6th Cir. 2012) (applying Ohio law; affirming dismissal of contract claim where the plaintiff failed to attach any contract or include language of the specific contractual provisions allegedly breached).

Under Ohio law, "[a] breach of contract occurs when a party to the contract fails to perform a contractual duty.  One who is not a party to the contract cannot be in breach of the contract."  Zab v. Goforth, No. 73050, 1998 Ohio App. LEXIS 4225, at *8 (Ct. App. Sept. 10, 1998) (emphasis added and citation omitted).  Accord:  Ingle-Barr, Inc. v. E. Local School Dist. Bd., 2011-Ohio-584, ¶ 9 (Ct. App.) ("[i]t is axiomatic that those not a party to a contract cannot be held liable for a breach of contract.").

Here, Plaintiff alleges only that there is an agreement between Plaintiff and CAM. See Complaint, ¶ 24 ("The January 15, 2018, agreement was signed by [Rech] on behalf of [Transition Studios] with a promise to Plaintiff to present a long-form contract with the 'same terms' on February 1, 2018.  A long-form 'Development and Rights Acquisition Agreement' was in fact executed by the parties on or about February 2, 2018.").  The Development and Rights

Acquisition Agreement ("Agreement") superseded the January 15, 2018 Letter of Understanding ("MOU").  See Id.; Agreement (attached to Complaint as Ex. 2), § 19 (emphasis added) ("This Agreement constitutes the entire agreement between the Parties with respect to the subject matter within, and shall supersede all previous understandings and agreements"); MOU (attached to Complaint as Ex. 1) ("This letter of understanding … precedes a long-form agreement to be signed February 1, 2018.").  The Agreement was signed by Plaintiff and CAM; no other defendants were parties to the Agreement.  Therefore, Plaintiff has not – and cannot – allege a breach of contract claim against Transition Studios, Rech, McGreevy, Fecek, Hale, or The Daily Wire.

Therefore, the Court should dismiss the claim for breach of contract against Transition Studios, Rech, McGreevy, Fecek, Hale, and The Daily Wire for failure to state a claim upon which relief may be granted.

2.    Plaintiff's Unjust Enrichment Claim Should Be Dismissed

Under Ohio law, to succeed on a claim of unjust enrichment, a plaintiff must allege:  "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment."  Bower v. IBM, 495 F. Supp. 2d 837, 844 (S.D. Ohio 2004) (citation omitted); Lone Star Equities, Inc. v. Dimitrouleas, 2015-Ohio-2294, 34 N.E.3d 936, ¶ 70 (Ct. App.).

a)    Plaintiff Fails to Allege Unjust Enrichment

"The purpose of an unjust-enrichment claim is not to compensate the plaintiff for loss or damage suffered by the plaintiff, but to compensate the plaintiff for the benefit he or she

conferred on the defendant."  <u>Motors, LLC v. Kaba</u>, 2025-Ohio-640, ¶ 35 (Ct. App.) (citing <u>Johnson v. Microsoft Corp.</u>, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 21).  "[I]t is not sufficient for the plaintiffs to show that they have conferred a benefit upon the defendants.  Plaintiffs must go further and show that under the circumstances they have a superior equity so that as against them it would be unconscionable for the defendants to retain the benefit."  <u>Liberty Mut. Ins. Co. v. Three-C Body Shop, Inc.</u>, 2020-Ohio-2694, ¶ 10 (Ct. App.) (quotation omitted).  Absent an indication in the pleading of a benefit conferred by plaintiff, the unjust enrichment must be dismissed.  <u>See</u> <u>Wick v. Ach</u>, 2019-Ohio-2405, 139 N.E.3d 480, ¶ 15 (Ct. App.).

Here, Plaintiff fails to allege *any* of the elements of unjust enrichment.  First, Plaintiff fails to allege that he conferred a benefit onto Defendants.  Rather, his only allegation is that "Rech, acting as an Executive Officer for Transition [Studios] and CAM, used a substantial share of the monies raised for the 'Convicting a Murderer' project to support his own lavish lifestyle, and to satisfy personal and business debts which were unrelated to the project."  Complaint, ¶ 47.  However, Plaintiff does not allege that the money allegedly used by Rech was *Plaintiff's money*.  Nor does Plaintiff allege that he conferred any benefit to Rech or any other defendant.

Second, Plaintiff fails to allege that Defendants had knowledge of the benefit conferred by Plaintiff.  Instead, the only "knowledge" Plaintiff alleges is Defendants' knowledge of Plaintiff's "[e]mbezzlement concerns."  Complaint, ¶ 50.  However, Plaintiff's vague and unsupported allegations regarding embezzlement are irrelevant to adequately allege Defendants had knowledge of any benefit conferred on them by Plaintiff.

Third, Plaintiff fails to allege – because he fails to allege *any* benefit conferred by Plaintiff – that Defendants' retention of a benefit would be unjust without payment.  Instead, Plaintiff alleges only that "Defendants have continually failed to provide project status, or other relevant, updates, despite frequent and periodic demands from Plaintiff."  Complaint, ¶ 52.  This allegation is disconnected from any benefit conferred by Plaintiff.

        b)     Plaintiff's Unjust Enrichment Claim is Barred by Well-Established Ohio Law

A "claim for unjust enrichment will not lie when the subject matter of the claim is covered by an express contract."  Booher Carpet Sales v. Erickson, No. 98-CA-0007, 1998 Ohio App. LEXIS 4643, at *31 (Ct. App. Oct. 2, 1998).  Ohio law prohibits seeking equitable relief for unjust enrichment where a contract exists between the parties.  Gallo v. Westfield Nat'l Ins. Co., 2009-Ohio-1094, ¶ 19 (Ct. App.) (upholding dismissal of plaintiff's unjust enrichment claim because, "[u]njust enrichment cannot exist where there is a valid and enforceable written contract"); Weiper v. W.A. Hill & Assocs., 104 Ohio App. 3d 250, 262, 661 N.E.2d 796 (Ct. App. 1995) (citation omitted) ("A party seeking a remedy under a contract cannot also seek equitable relief for unjust enrichment …").[1]

Assuming, arguendo, that Plaintiff adequately plead unjust enrichment (he has not), the Complaint raises an unjust enrichment claim that is incompatible with well-established Ohio law.  Plaintiff admits the Agreement is a valid and enforceable agreement between Plaintiff

---

[1] Accord:  Cerdant, Inc. v. DHL Express (USA), Inc., No. 2:08-cv-186, 2009 U.S. Dist. LEXIS 27070, at *16-18 (S.D. Ohio Mar. 30, 2009) (applying Ohio law, the court dismissed, among other claims, plaintiffs' claims for unjust enrichment and promissory estoppel because, "where an express contract covers the subject matter of an equitable claim, the equitable claim will fail as a matter of law") (relying, in part, on Cook v. Home Depot USA, Inc., No. 06-cv-00571, 2007 U.S. Dist. LEXIS 15679, at *21 (S.D. Ohio Mar. 6, 2007) (internal quotation and citation omitted) ("Ohio law does not allow parties to seek damages under quasi-contractual theories of recovery such as a claim of unjust enrichment when a contract governs the relationship.")).

and CAM.  Complaint, ¶ 24.  Moreover, Plaintiff raises claims for both breach of contract and unjust enrichment.  Id. at ¶¶ 25-53.  The unjust enrichment claim arises from rights Plaintiff alleges he has under the Agreement.  Id. at ¶ 46.  Likewise, the breach of contract claim arises from an alleged breach of the Agreement.  Id. at ¶¶ 27-44.  Both the breach of contract claim and the unjust enrichment claim relate to the Agreement, and the unjust enrichment claims fails under Ohio law.

Therefore, the Court should dismiss Plaintiff's claim of unjust enrichment for failure to state a claim upon which relief may be granted.

3.    Plaintiff Fails to Adequately Allege Defendants Converted Plaintiff's Intellectual Property

In Ohio, "the elements of conversion are (1) plaintiff's ownership or right to possession of the property at the time of conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages."  Poston ex rel. Poston v. Shelby-Love, 2017-Ohio-6980, 95 N.E.3d 659, ¶ 18 (Ct. App.) (internal quotation omitted). "Conversion is based on affirmative acts; mere negligence in the care of personal property is not a conversion, even though such conduct results in injury to or loss of the property."  Reyes v. McCabe, No. 96APE05-690, 1997 Ohio App. LEXIS 1240, at *26 (Ct. App. Mar. 31, 1997) (citing Wilson Freight Forwarding Co. v. Cleveland, Columbus & Cincinnati Hwy., Inc., 74 Ohio App. 54, 57, 57 N.E.2d 796 (Ct. App. 1943)).  "[A]n intentional and willful tort committed by an employee constitutes a departure from his employment so that the employer is not responsible."  Rovnak v. Moss, No. 2020 CV 1015, 2020 Ohio Misc. LEXIS 5100, at *1 (Ct. Com. Pl. Dec. 9, 2020) (quotation omitted).

6

Here, Plaintiff does not allege conversion by Defendants; instead, he claims "Transition [Studios'] employee Brenda Schuler … gave exclusive case materials and insights to Attorney Michael Griesbach." Complaint, ¶ 56. However, Plaintiff admits that this purported conversion by Transition Studio's *employee* was done without its consent or prior knowledge. Id. at ¶ 59 (quoting an email in which it is clear the employee shared information with a third party without Defendants' knowledge). This purported conversion constitutes a departure from Brenda Schuler's employment for which Defendants are not responsible.

Additionally, Plaintiff fails to allege the elements of conversion against Defendants because Plaintiff granted CAM ownership of the work product and intellectual property connected to the Steven Avery and Brendan Dassey cases. See Agreement, § 9 ("The results and proceeds of any services rendered by [Plaintiff] or materials created by [Plaintiff] in connection with the [Steven Avery and Brendan Dassey cases] … shall be deemed a work made-for-hire specifically ordered by [CAM], with [CAM] being deemed the sole author of such results and proceeds and the owner of all rights of every kind or nature, whether now known or hereafter devised in and to such results and proceeds, and in the event any such results and proceeds are not considered works made-for-hire, [Plaintiff] hereby irrevocably assigns, transfers and conveys, … all such results and proceeds and all rights of every kind or nature, whether now known or hereafter devised in and to such results and proceeds to [CAM]."). Therefore, Plaintiff cannot allege ownership or right to possession of the property at the time of conversion.

4.      Plaintiff's Accounting Claim Must be Dismissed

"Under Ohio law … 'a demand for an accounting does not form the basis for a standalone action but is instead, a remedy.'" Mark Termini Assocs. v. Klutch Sports Grp., LLC, No. 1:24 CV 1068, 2024 U.S. Dist. LEXIS 200616, at *17 (N.D. Ohio Nov. 5, 2024) (quoting

Moore Family Trust v. Jeffers, 2023-Ohio-3653, 225 N.E.3d 548, ¶ 44 (Ct. App.)).  Accordingly, "a standalone claim of 'accounting' [] must be dismissed as a matter of law."  Id. at *18.  Accord: Francisco A. Mateo MD, Inc. v. Proia, 2023-Ohio-3908, 227 N.E.3d 389, ¶ 55 (Ct. App.) (quotation omitted) ("[a]n accounting, like a constructive trust, is an equitable remedy, not a cause of action, and the claim for an accounting remedy is properly dismissed under [Ohio R. Civ. P.] 12(B)(6)."

   Here, Plaintiff's Complaint raises a standalone claim for Accounting (Count VI).  See Complaint, ¶¶ 68-74.  Ohio does not recognize a standalone claim for accounting; therefore, the Court must dismiss Plaintiff's claim for accounting for failure to state a claim upon which relief may be granted.

   **B.** **Ohio's Statutes of Limitations Prohibit Plaintiff's Claims**

   Plaintiff's claims for conversion, fraud, and civil conspiracy should be dismissed because they are barred by the applicable statutes of limitations.  New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003) (quotation omitted) ("a motion to dismiss on statute of limitations grounds should be granted when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief.").  "Pursuant to the Erie doctrine, state statutes of limitations must be applied by federal courts sitting in diversity."  Smith v. J.J.B. Hilliard, W.L. Lyons, LLC, 578 F.App'x 556, 562 (6th Cir. 2014) (quotation omitted).

   **1.** **Plaintiff's Conversion Claim is Time-Barred under Ohio Law**

   Under Ohio law, a claim for conversion has a four-year statute of limitation.  Ohio Rev. Code § 2305.09(B).  "[A] cause of action for conversion accrues either when the plaintiff

discovered or, in the exercise of reasonable diligence, should have discovered the conversion." Karlen v. Carfangia, No. 2000-T-0081, 2001 Ohio App. LEXIS 2481, at *19 (Ct. App. June 1, 2001) (citation omitted).

Here, the alleged conversion occurred "in or around December of 2018." Complaint, ¶ 56.  Plaintiff became aware of the alleged conversion no later than January 29, 2020.  Id. at ¶ 57 (Plaintiff sent demand letter regarding alleged conversion of the intellectual property).  Each of the years alleged in the Complaint fall outside the four-year statute of limitations and are time barred.  Therefore, the Court should dismiss Plaintiff's conversion claim.

### 2.    Plaintiff's Fraud Claim is Time-Barred under Ohio Law

Under Ohio law, a fraud claim has a four-year statute of limitation.  Ohio Rev. Code § 2305.09(C).  For a cause of action for fraud, "the statute of limitations begins to run when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered a possible cause of action."  Luburgh v. Bishop, 2014-Ohio-236, ¶ 14 (Ct. App.) (citation omitted).

Here, Plaintiff's fraud claim is barred by the statute of limitations.  Each allegation related to the fraud claim occurred outside the four-year window.  See Complaint, ¶ 4 ("Plaintiff realized the full breadth and scope of this conspiracy in late 2019"); id. at ¶ 62(A) (alleged fraudulent misrepresentation made January 7, 2018); id. at ¶ 62(B) (Plaintiff acknowledging that no later than February 6, 2020 he had discovered the alleged fraud); id. at ¶ 62(C) (Plaintiff acknowledging that no later than January 2019 he uncovered alleged fraud regarding Ms. Schuler's role in the project).  Indeed, Plaintiff acknowledges that he was aware of the alleged fraud going back over seven years.  Therefore, the Court should dismiss Plaintiff's fraud claim.

3.     <u>Plaintiff's Civil Conspiracy Claim is Time-Barred under Ohio Law</u>

Similarly, Plaintiff's claim for civil conspiracy must be dismissed because it is outside the applicable statute of limitations. Under Ohio law, "the applicable statute of limitations for filing a civil conspiracy is the relevant limitations statute for the underlying cause of action." <u>Davis v. Clark Cty. Bd. of Comm'rs</u>, 2013-Ohio-2758, 994 N.E.2d 905, ¶ 20 (Ct. App.) (citing <u>Cully v. St. Augustine Manor</u>, No. 67601, 1995 Ohio App. LEXIS 1643, at *11 (Ct. App. Apr. 20, 1995)).

Here, Plaintiff's civil conspiracy claim is based on his fraud claim. <u>See</u> Complaint, ¶ 3 ("This civil conspiracy was accomplished when the Defendants fraudulently induced Plaintiff to sign agreements in which Plaintiff was promised monies which Defendants, upon information and belief, never intended on actually paying Plaintiff and, in fact, to date have not paid to Plaintiff."); <u>id</u>. at ¶ 66 (alleged civil conspiracy based on the "refusal of each of the Defendants to communicate with Plaintiff as to project updates and other project status requests"). As demonstrated above, the underlying fraud claim is barred by the statute of limitations. Accordingly, the civil conspiracy claim is likewise time-barred.

C.     <u>This Court Lacks Personal Jurisdiction Over Hale and The Daily Wire</u>

The Court should dismiss Plaintiff's Complaint against Hale and The Daily Wire for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). To establish personal jurisdiction over Hale and The Daily Wire, non-citizens of Ohio, Plaintiff must show: (1) that Ohio's long-arm statute (Ohio Rev. Code § 2307.382) confers jurisdiction; and (2) that granting jurisdiction comports with due process. <u>Calphalon Corp. v. Rowlette</u>, 228 F.3d 718, 721 (6th Cir. 2000). A court must dismiss an action against "non-Ohio residents who lack the minimum contacts with Ohio necessary to satisfy the [d]ue [p]rocess analysis," "[e]ven if a defendant's

10

contact with the State of Ohio satisfies Ohio's long-arm statute, personal jurisdiction fails unless exercising jurisdiction over the defendant comports with traditional notions of fair play and substantial justice." Taubman v. LadRx Corp., No. 1:23-cv-00648, 2024 U.S. Dist. LEXIS 30830, at *5-7 (N.D. Ohio Feb. 22, 2024).

"Due process requires the defendant to possess 'certain minimum contacts with' the forum State 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Johnson v. Griffin, 85 F.4th 429, 432 (6th Cir. 2023) (quoting Internatl. Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154 (1945)). "Contacts with a forum state may generate two potential types of personal jurisdiction over an out-of-state defendant—'specific' jurisdiction arising from the defendant's 'case-related contacts' and 'general' jurisdiction arising from the defendant's 'generic connections' to the State." Id. (quoting Power Invs., LLC v. SL EC, LLC, 927 F.3d 914, 917 (6th Cir. 2019)).

"To possess specific jurisdiction over an out-of-state defendant, the defendant's 'suit-related conduct' must show a 'substantial connection with the forum State.'" Id. (quoting Walden v. Fiore, 571 U.S. 277, 284, 134 S. Ct. 1115 (2014)). "[A]n individual is subject to general jurisdiction in [his] place of domicile." Ford Motor Co. v. Mont. Eighth Judicial Dist. Court, 592 U.S. 351, 358-359, 141 S. Ct. 1017 (2021) (citation omitted). "[A]ll-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business.'" Snabel v. Great States Corp., No. 1:19 CV 2052, 2020 U.S. Dist. LEXIS 62439, at *6 (N.D. Ohio Apr. 9, 2020) (quoting Daimler AG v. Bauman, 571 U.S. 117, 118, 134 S. Ct. 746 (2014). Accord:  Lyngaas v. Curaden AG, 992 F.3d 412, 442 (6th Cir. 2021) ("a corporation with operations in every state is ordinarily subject to general jurisdiction in only two:  its place of incorporation and its principal place of business."). "[F]or a court to find general jurisdiction in a

11

forum other than a corporate defendant's place of incorporation or principal place of business is the 'exceptional case.'"  Snabel at *7 (quoting BNSF Ry. Co. v. Tyrrell, 581 U.S. 402, 413, 137 S. Ct. 1549 (2017)).  "'Continuous and systematic' contacts are not sufficient unless they render a corporation essentially at home in Ohio."  Jones v. RealPage, Inc., No. 1:19-cv-00501, 2019 U.S. Dist. LEXIS 149640, at *4 (N.D. Ohio Sept. 3, 2019) (citing Daimler, at 136-139).

Here, Plaintiff's Complaint fails to establish either specific or general jurisdiction against Hale and The Daily Wire.  First, the allegations in the Complaint do not allege that Hale or The Daily Wire's purported conduct has a connection with Ohio, let alone a substantial one.

Second, neither Hale nor the Daily Wire have general jurisdiction in Ohio.  Hale is an Illinois resident and is not domiciled in Ohio.  See Complaint, ¶ 10.  Therefore, the Court does not have general jurisdiction over Hale.  See Ford Motor Co. at 358-359.  Likewise, the Court lacks general jurisdiction over The Daily Wire as it is a Texas limited liability company with its principal place of business in Tennessee.  Complaint, ¶ 12.

Notwithstanding, there are no allegations that this case meets any of the nine circumstances set forth by Ohio's long-arm statute.  Ohio Rev. Code § 2307.382(A).  Accord: Kotoch v. Grossinger City Toyota, No. 20-cv-2538, 2022 U.S. Dist. LEXIS 151461, at *10-11 (N.D. Ohio Aug. 23, 2022) (dismissing claims against defendant for lack of personal jurisdiction where "the Court determine[d] that Plaintiff's allegations, construing them in his favor, fail to reach [defendant] under Ohio's long-arm statute").

Therefore, Plaintiff's Complaint against Hale and The Daily Wire should be dismissed for lack of personal jurisdiction.

D. The Complaint Fails to Adequately Allege Diversity Jurisdiction

"Federal courts have subject-matter jurisdiction in certain cases where there is complete diversity of citizenship."  Akno 1010 Mkt. St. St. Louis Missouri LLC v. Nahid Pourtaghi, 43 F.4th 624, 626 (6th Cir. 2022) (citing 28 U.S.C. § 1332(a)).

> "28 U.S.C. § 1332 provides for federal subject matter jurisdiction in all civil actions where the parties are diverse and the amount in controversy exceeds $75,000.  Parties are considered diverse when the lawsuit is between:  citizens of different States; citizens of a State and citizens or subjects of a foreign state; citizens of different States and citizens or subjects of a foreign state are additional parties; and a foreign state, as plaintiff, and citizens of a State or different states, as defendants."

Brown v. Lust, 487 F.Supp. 2d 910, 913 (N.D. Ohio 2007) (citing 28 U.S.C. § 1332).  In a diversity action,

> "the party asserting diversity jurisdiction bears the burden of establishing the parties' citizenships … [t]his means that a plaintiff … must fully allege the citizenship of each party. … Alleging that an LLC is organized under the laws of a certain state does nothing to establish its citizenship.  Rather, LLCs have the citizenships of their members and sub-members.  Thus, when an LLC is a party in a diversity action, the court must know the citizenship of each member and sub-member."

Akno at 627.  "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."  Cotton v. Burrell, No. 1:25 CV 376, 2025 U.S. Dist. LEXIS 49879, at *4 (N.D. Ohio Mar. 19, 2025) (emphasis added).

Plaintiff has failed to establish that this Court has diversity jurisdiction to hear this case.  While Plaintiff alleges "[d]iversity of [c]itizenship between the parties" (Complaint, ¶ 15), he fails to fully allege the citizenship of The Daily Wire.  Plaintiff alleges only that The Daily Wire "is a Limited Liability Company, duly organized and registered under the laws of the State

13

of Texas, with an address of 1831 12th Avenue, South, Suite # 460, Nashville, Tennessee, 37203." Id. at ¶ 12.  Plaintiff fails to identify and allege each member of The Daily Wire or each member's citizenship.  This is fatal to diversity jurisdiction.  Cotton at *4.  Therefore, the Court must dismiss the Complaint for lack of subject matter jurisdiction.

II.       IN THE ALTERNATIVE, THIS COURT SHOULD COMPEL ARBITRATION AND STAY PROCEEDINGS

A.       Ohio law and the Federal Arbitration Act Favor Enforcement of Agreements to Arbitrate

Under Ohio law, "arbitration is favored as a matter of public policy and any doubts relating to arbitrability should be resolved in favor of arbitration." L & M Hosp. LLC v. Lavani, 2021-Ohio-3727, ¶ 13 (Ct. App.).  "An agreement to arbitrate must be enforced unless 'it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.  Doubts should be resolved in favor of coverage.'" Short v. Resource Title Agency, Inc., 2011-Ohio-1577, ¶ 8 (Ct. App.) (quoting Academy of Medicine of Cincinnati v. Aetna Health, Inc., 2006-Ohio-657, 842 N.E.2d 488, ¶ 14).  "Ohio and federal courts encourage arbitration to settle disputes." ABM Farms, Inc. v. Woods, 81 Ohio St. 3d 498, 500, 692 N.E.2d 574 (1998) (citations omitted).  "Our General Assembly also favors arbitration, [Ohio Rev. Code §] 2711.02 requires a court to stay an action if the issue involved falls under an arbitration agreement, and under [Ohio Rev. Code §] 2711.03, a party to an arbitration agreement may seek an order directing the other party to proceed to arbitration." Id. "Ohio case law strongly supports the arbitration of disputes." Short at ¶ 8 (citation omitted).

The Federal Arbitration Act ("FAA") provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  The plain language of the FAA requires courts to

14

"rigorously enforce agreements to arbitrate." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 221, 105 S. Ct. 1238 (1985). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Id. at 218 (emphasis in original and citation omitted). Because Congress enacted the FAA to reverse "centuries of judicial hostility to arbitration agreements" and place them "upon the same footing as other contracts," the FAA not only permits private parties to agree to arbitrate their disputes, but also requires a reviewing court to place such agreements on equal footing with other contracts by compelling arbitration whenever there exists a valid agreement to arbitrate the dispute at hand. Scherk v. Alberto-Culver Co., 417 U.S. 506, 510-11, 94 S. Ct. 2449 (1974) (internal quotation marks and citation omitted); Dean Witter Reynolds at 219–20. Indeed, the FAA compels such a strong presumption of arbitrability that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25, 103 S. Ct. 927 (1983) (superseded on other grounds by 9 U.S.C. § 16).

The mandatory provisions of the FAA do not permit parties to an arbitration agreement "to ignore the contract and resort to the courts. Such a course could lead to prolonged litigation, one of the very risks the parties, by contracting for arbitration, sought to eliminate." Southland Corp. v. Keating, 465 U.S. 1, 7, 104 S. Ct. 852 (1984) (enforcing agreement to arbitrate in franchise agreement).

The "FAA embodies a liberal federal policy favoring arbitration," and "reflects the overarching principle that arbitration is a matter of contract." Discovery Res., Inc. v. Ernst & Young U.S. LLP, 2016-Ohio-1283, 62 N.E.3d 714, ¶ 16 (Ct. App.) (quotation omitted). "When deciding whether the parties agreed to arbitrate the issue of arbitrability, courts generally should

apply ordinary state-law principles that govern the formation of contracts." Id. (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S. Ct. 1920 (1995)). Here, the Agreement provides "[a]ny claim, controversy or dispute arising [under the Agreement] shall be governed by the substantive law of Ohio." Agreement, § 18. Accordingly, Ohio contract law applies when reviewing the Agreement's arbitration provisions. See Discovery Res., Inc. at ¶ 18 ("Given the choice-of-law provision contained in the Services Agreement, we apply New York contract law principles" to the issue of arbitrability).

Here, the Agreement dictates that Plaintiff's claims against CAM must be adjudicated in arbitration held in Cleveland, Ohio. See Agreement § 18 ("Any such claim shall be submitted to arbitration before a single arbitrator in accordance with the rules of the American Arbitration Association held in Cleveland, Ohio."). Plaintiff cannot properly seek relief in this Court but must pursue relief via arbitration. Accordingly, the Complaint should be stayed pending arbitration on this basis alone.

### B. All Claims Against All Defendants are Subject to Arbitration

The Federal Arbitration Act "permits a nonsignatory to rely on state-law equitable estoppel doctrines to enforce an arbitration agreement." GE Energy Power Conversion Fr. SAS, Corp. v. Outokumpu Stainless USA, LLC, 590 U.S. 432, 438, 140 S. Ct. 1637 (2020). Ohio courts have recognized two circumstances in which nonsignatories to an arbitration agreement can invoke equitable estoppel to compel arbitration against a signatory. See I Sports v. IMG Worldwide, Inc., 2004-Ohio-3631, 813 N.E.2d 4, ¶ 16 (Ct. App.); Liedtke v. Frank, Javitch, Block & Rathbone, 437 F.Supp. 2d 696, 698-700 (N.D. Ohio 2006); Javitch v. First Union Secs., Inc., 315 F.3d 619, 628-629 (6th Cir. 2003); Norberg v. Iprecheck, LLC, No. 1:22-cv-00177, 2023 U.S. Dist. LEXIS 16341, at *8-9 (S.D. Ohio Jan. 30, 2023) (quotation and citation omitted)

16

("When a willing nonsignatory seeks to compel arbitration with a signatory who is unwilling to arbitrate, Ohio courts perform an alternative estoppel analysis.").

The first circumstance is where a signatory relies on the terms of the written agreement in asserting claims against a nonsignatory.  See I Sports at ¶ 16; Liedtke at 696; Thibault v. Heartland Rec. Vehicles, LLC, No. 2:18-cv-732, 2019 U.S. Dist. LEXIS 45123, at *19-20 (S.D. Ohio Mar. 19, 2019) (citing Orcutt v. Kettering Radiologists, Inc., 199 F.Supp. 2d 746, 752 (S.D. Ohio 2002)).  The second circumstance is "where the signatory alleges substantially interdependent and concerted misconduct by both the nonsignatory and one or more signatories to the contract."  I Sports at ¶ 16.  Courts have acknowledged that "it is in the best interest of judicial economy to have all claims arbitrated together."  Thibault at *23

Here, Plaintiff asserts a breach of contract claim.  See Complaint, ¶¶ 25-44.  Plaintiff cannot seek to enforce the agreement against Defendants while seeking to avoid the arbitration clause contained in the same agreement.  Further, each claim and each defendant are substantially interdependent with the alleged misconduct under the Agreement.  All claims and all defendants are significantly intertwined.

Therefore, the Court should compel arbitration for all claims.

III.          CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint in its entirety; or, in the alternative, compel arbitration and stay proceedings.

Respectfully submitted,

/s/ Griffin R. Reyelts
John C. Greiner (0005551)
Griffin R. Reyelts (0102240)
FARUKI PLL
201 East Fifth Street, Suite 1420
Cincinnati, OH  45202
Phone:  (513) 632-0315
Fax:  (513) 632-0319
Email:  jgreiner@ficlaw.com
        greyelts@ficlaw.com

Counsel for Defendants Transition Studios,
LLC, Christopher S. Rech, Ralph McGreevy,
John Fecek, Andrew M. Hale, Convicting A
Murderer Docu-Series, LLC, and The Daily
Wire, LLC

**CERTIFICATE OF CASE TRACK**

I certify that this matter has not yet been assigned a track and that the foregoing

Motion of Defendants to Dismiss Complaint; or, in the Alternative, Motion to Compel

Arbitration adheres to the page limitations set forth in L.R. 7.1(f).


/s/ Griffin R. Reyelts
Griffin R. Reyelts

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of May, 2025, I electronically filed the foregoing

Motion of Defendants to Dismiss Complaint; or, in the Alternative, Motion to Compel

Arbitration using the CM/ECF system, which will send notification of such filing to CM/ECF

participants:

Robert E. Adelman, Esq.
Law Offices of Robert E. Adelman
49 West Orange Street, Suite No. 1
Chagrin Falls, OH  44022
office@robertadelmanlaw.com

*Counsel for Plaintiff Kenneth R. Kratz*

/s/ Griffin R. Reyelts
Griffin R. Reyelts

4935-3075-3591.2